IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW JACOB HELMUELLER,

                              OPINION AND ORDER

          Petitioner,

                              21-cv-382-bbc

    v.

ST. CROIX COUNTY JAIL,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Andrew Jacob Helmueller has filed a "petition for a writ of habeas corpus," in which he alleges that he was assaulted by staff at the St. Croix County jail. However, petitioner's case is not a proper habeas petition. Although he titles his petition as one for "habeas corpus," this court can consider a habeas corpus petition from a prisoner in state custody only on the ground that the prisoner is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Pischke v. Litscher, 178 F.3d 497, 499–500 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). In other words, petitioner cannot file a habeas petition in this court unless he is challenging, on constitutional grounds, a conviction or sentence imposed on him by a Wisconsin court. Petitioner's allegations that he has been assaulted and mistreated by deputies at the jail

1

do not implicate the constitutionality of his conviction or sentence. Rather, petitioner's allegations challenge the conditions of his confinement.

Petitioner may challenge his conditions of confinement in a civil action under 42 U.S.C. § 1983, which is the statute that allows individuals to enforce their constitutional rights. Glaus v. Anderson, 408 F.3d 382, 387–88 (7th Cir. 2005) (challenges to prisoner's conditions of confinement must be brought in civil action). Petitioner's allegations about being assaulted as a pretrial detainee implicate the Fourteenth Amendment. However, I cannot convert petitioner's habeas petition into a civil case or determine whether his allegations support a Fourteenth Amendment claim because the two types of cases "have different procedural requirements and different potential consequences" that could affect a prisoner's decision to file one rather than the other. Moran v. Sondalle, 218 F.3d 647, 651 (7th Cir. 2000). For example, a civil case requires a larger filing fee and may result in filing restrictions if the case is dismissed at the screening stage. Id. at 649. Therefore, I will dismiss the habeas case without prejudice to petitioner refiling it as a civil case if he wishes to do so.

ORDER

IT IS ORDERED that Andrew Jacob Helmueller's petition for a writ of habeas corpus is DISMISSED because Helmueller is not challenging the validity or duration of his confinement. The clerk of court is directed to enter judgment accordingly.

Entered this 6th day of October, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge